SOSA, PLAINTIFF AND APPELLANT, *v.* CARDONA ET AL.,<br>DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Aguadilla in an Action<br>to Recover Possession of Personal Property.

No. 2402.—Decided March 24, 1922.

STOLEN GOODS—PUBLIC STORE—EVIDENCE.—It being alleged in the complaint that the article claimed as belonging to the plaintiff was seized because of a criminal action brought against his vendor for the theft of the said article, in order that the plaintiff may recover the article after the theft is proved it is necessary, according to section 466 of the Civil Code and subdivision 2 of article 85 of the Code of Commerce, for him to prove that he purchased the article in a shop or store open to the public.

ID.—ID.—ID.—PLEADING.—It appearing from the evidence of the plaintiff that the article claimed was seized as stolen goods and although the defendant only made a general denial of the allegations of the complaint, the evidence of the defendant regarding the theft and the identification of the article can not be considered as affirmative evidence of facts not alleged by the defendant.

EVIDENCE — IMPEACHMENT — CROSS-EXAMINATION. — For the purpose of impeaching a witness the defendant may cross-examine him about his family relationship with the plaintiff and may introduce in evidence an affidavit in which the witness had made contrary statements previously.

The facts are stated in the opinion.

*Mr. E. F. H. Dottin* for the appellant.

*Messrs. Reichard & Reichard* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the complaint filed in this case in the Municipal Court of Aguadilla by Víctor Sosa against José Cardona Piquet and Alberto Gutiérrez it is alleged in substance that the plaintiff is a tobacco merchant; that he is the owner of twenty-three rolls of chewing tobacco worth $460 which are a part

of two lots purchased by him in the public market of Isabela on August 15 and in the middle of November, 1918, from Alberto Gutiérrez; that on December 31, 1918, the police, by order of José Cardona Piquet, seized the said 23 rolls of tobacco, thereby unlawfully depriving the plaintiff of their possession, and placed them at the disposal of defendant José Cardona Piquet who in turn delivered them to the District Attorney of Aguadilla to be used as evidence in a criminal action against Alberto Gutiérrez for the theft of 45 rolls of tobacco from José Cardona Piquet, and that the latter refuses to return to him the 23 rolls of tobacco. After making other allegations which we need not mention he prayed the court to adjudge that the said 23 rolls of tobacco are the exclusive property of the plaintiff and to order that they be returned to him, together with a certain sum of money as the difference in the price, and that if the tobacco had been disposed of by the defendant and could not be returned to him, judgment be rendered against the defendant for $460 and the costs.

Defendant Alberto Gutiérrez did not plead to the complaint and was defaulted, but José Cardona Piquet filed a general and specific denial of all of the allegations of the complaint.

The case went up to the District Court of Aguadilla on appeal and after a trial *de novo* the court dismissed the complaint and from that judgment the plaintiff took the present appeal.

The court below in its opinion in support of the judgment made the following findings: "That in December of 1918 defendant José Cardona Piquet informed the Isabela police that some rolls of chewing tobacco had been stolen from his store. That as a result of an investigation by the police 23 rolls of the said chewing tobacco were found in the store of plaintiff Víctor Sosa in Río Piedras, from which they were taken and deposited in the office of the district at-

torney of this court to serve as evidence in the action by The People of Porto Rico against Alberto Gutiérrez for the theft of the said tobacco. That the plaintiff acquired the said rolls of tobacco from Alberto Gutiérrez, his brother-in-law, and not by purchase in the public market of Isabela. * * * " The court went on to say that the action was one to recover possession of personal property and was not brought against the person in possession of the property sued for, who in this case was the district attorney, and then added: "But leaving this question aside and analyzing the evidence, we find that the tobacco was not identified by the plaintiff or by any of his witnesses, and, furthermore, the veracity of Alberto Gutiérrez, the plaintiff's brother-in-law, was impeached by an affidavit made before district attorney Rivera Zayas * * * ."

The appellant alleges as the first ground for a reversal of the judgment that the trial court manifestly erred in weighing the evidence, as is shown by the fact that after having found that "as a result of an investigation by the police 23 rolls of the said chewing tobacco were found in the store of the plaintiff * * * ," the court also found that "the tobacco was not identified by the plaintiff or by any of his witnesses," this being considered by the appellant as a flagrant contradiction.

There is no doubt that the tobacco in the custody of the district attorney at the time of the trial was identified as the same tobacco that was seized in the store of the plaintiff, but the contradiction of the trial court on this point does not demonstrate that it committed manifest error in weighing the evidence, inasmuch as an examination of the evidence introduced at the trial convinces us that the findings of the court were correct.

The second ground of appeal reads as follows:

"The court below committed manifest error in construing and applying the law and the jurisprudence to this case."

Although the trial court dismissed the complaint because it understood that the action was not brought against the person in possession of the property, the district attorney, and because the plaintiff did not prove his ownership of the tobacco, inasmuch as the testimony of Alberto Gutiérrez, who said he sold it to plaintiff, was impeached, nevertheless in this appeal it is contended that the plaintiff is entitled to recover the tobacco in accordance with section 466 of the Civil Code, although it may have been stolen from Cardona, because he purchased it in the public market. It was alleged in the complaint, as we have said, that the tobacco was seized in a criminal action against Alberto Gutiérrez for the theft of chewing tobacco from José Cardona Piquet, and also that the plaintiff purchased it in the public market.

The section cited reads as follows:

"Sec. 466.—The possession of personal property acquired in good faith, is equivalent to a title thereto. Nevertheless, any person who has lost any movable or has been illegally deprived thereof, may recover it from the person in possession of the same.

"If the possessor of a movable lost or stolen has acquired the same in good faith at a public sale, the owner cannot obtain the restitution thereof without reimbursing the price paid therefor.

"With regard to things acquired on the exchanges, or at fairs or markets, or from a lawfully established merchant habitually occupied in dealings with objects of the kind, the provisions of the Code of Commerce shall be observed."

The article of the Code of Commerce to which the above statute refers reads as follows:

"Art. 85. — The purchase of merchandise from warehouses or shops open to the public shall cause the forfeiture of the right in favor of the purchaser with regard to the merchandise acquired, reserving in a proper case the right of the owner of the merchandise sold to institute the civil or criminal actions which may be proper against the person who sold the same without having a right to do so.

"For the purposes of this forfeiture, as warehouses or shops open to the public shall be considered:

"1. Those which may be established by recorded merchants.

"2. Those established by merchants who are not recorded, provided the warehouses or shops remain open to the public for a period of eight consecutive days, or that they have been announced by means of signs, cards or posters in the places themselves, or through circulars distributed to the public or inserted in the newspapers of the locality."

In view of the statutes cited and inasmuch as Cardona testified that 34 rolls of chewing tobacco had been stolen from his store, as to which nothing to the contrary appears from the evidence nor is alleged in this appeal, and considering that this testimony could be accepted by the court without corroboration and that the tobacco seized in the store of Sosa was identified as a part of that stolen from Cardona, in order that the plaintiff may be entitled to recover the 23 rolls of chewing tobacco sued for, assuming that the theft was true, he must prove that he acquired them in good faith at a public sale or at an exchange, fair or market, or from a lawfully established merchant regularly dealing in similar merchandise. His allegation is that he purchased the tobacco in a public market from Alberto Gutiérrez who is said to be a tobacco merchant, but he did not prove that Gutiérrez had a shop or store open to the public, and on the contrary it appears that Gutiérrez received the tobacco which was stolen from Cardona at night at a railroad crossing and that he sent it by railroad to Sosa, his brother-in-law, in Río Piedras, to whom he said that he sold it. Consequently, the court below did not infringe the said statutes, but applied them correctly in dismissing the plaintiff's complaint.

In the third ground of appeal it is alleged that the court committed manifest error in permitting, over the objection of the plaintiff-appellant, the defendant-appellee to introduce affirmative evidence to establish facts that were not alleged in his answer to the complaint.

Rafael Rivera Zayas, Alfredo Colón Cabellos and José Cardona Piquet were called as witnesses by the defendant after they had testified as witnesses for the plaintiff. The first and second merely repeated what they had testified when called by the plaintiff, although they incidentally said that the tobacco seized in the store of Sosa was recognized as the same tobacco stolen from Cardona, and the third testified to the theft from his store and about the identification of the rolls of tobacco seized in the store of Sosa as a part of those stolen from him.

Inasmuch as it was alleged in the complaint that the tobacco seized in possession of the plaintiff and purchased from Alberto Gutiérrez was to be used as evidence in the criminal action against the vendor for the theft of tobacco from José Cardona Piquet, we can not hold that the defendant introduced evidence of affirmative facts not alleged in his answer, for his purpose was to controvert the evidence of the plaintiff by showing that the tobacco claimed by the plaintiff as his had been stolen from defendant Cardona.

Besides, that evidence could not prejudice the plaintiff, because as his vendor was accused of the theft of the tobacco, he did not prove that he had purchased it in any of the ways that would give him its ownership.

The fourth and last ground of appeal is as follows:

"The court below committed manifest error and acted with passion and prejudice in permitting, over the plaintiff's objection, the defendant to cross-examine witness Alberto Gutiérrez as to facts that had not been brought out by the direct examination; in permitting this witness to testify to facts constituting affirmative defense and not alleged in the answer when the defendant had not made him his witness; in permitting the said defendant to present a part of his evidence out of time and place and before the plaintiff had rested."

While Alfredo Gutiérrez was testifying for the plaintiff he replied on direct examination that on August 15, 1918, at his house he sold some chewing tobacco to Víctor Sosa and

also thereafter on a date which he did not remember. On
cross-examination he answered that he was a brother-in-law
of the plaintiff, and after he had testified also on cross-ex-
amination that he had acquired the rolls of tobacco sold to
Víctor Sosa from Isabel González, Maximino de Jesús, López
Cordero and Gregorio Villanueva, the defendant asked him
whether he had not made a different statement under oath,
and when he replied that he had not, a statement made by
him before the district attorney was read to him, according
to which on December 15, 1918, he purchased from Antonio
Avilés or Meléndez 24 rolls of chewing tobacco in four lots
which his vendor delivered to him on four different nights
at the railroad crossing directly behind the house of José
Cardona, the same tobacco which he sold to Víctor Sosa and
José Gutiérrez of Río Piedras, the brother-in-law and brother
of the witness. After the reading of that statement Gutié-
rrez said that it was true except as to his having purchased
the tobacco behind the house of José Cardona.

The cross-examination regarding the relationship and
what he had stated before the district attorney was objected
to by the plaintiff and its admission is now assigned as error.

The defendant had a right to cross-examine the witness
as to his relationship with the plaintiff, and he did not do
so for the purpose of having his testimony disregarded, but
so that the court, knowing the degree of relationship, could
determine the credibility of the witness. In accordance with
section 21 of the Law of Evidence, the presumption that a
witness speaks the truth may be repelled, among other cases,
by evidence affecting his credibility or motives and relation-
ship may, according to the circumstances, destroy the credi-
bility of a witness.

The testimony given by him before the district attorney
was admissible in evidence, because it tended to discredit
the witness, being in conflict with his testimony at the trial.
Section 21 above cited.

The statement read to Gutiérrez appears to have been made under oath before the district attorney, and although it is true that the time and place when and where he made it does not appear, this is not sufficient to make it inadmissible, inasmuch as Gutiérrez admitted that it was true with the exception before stated.

The trial court not having committed the errors assigned, the judgment appealed from should be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.